IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2003

## STATE OF TENNESSEE v. ELMORE LEWIS BAKER, JR.
## ALIAS LEW BAKER

**Appeal from the Circuit Court for Blount County**
**Nos. C-12909, C-12910, C-12911, C-12912, C-12913, C-12914, C-12915, C-12916**
**D. Kelly Thomas, Jr., Judge**

_____

**No. E2003-00073-CCA-R3-CD**
**September 18, 2003**

_____

The defendant, Elmore Lewis Baker, Jr., pled guilty in the Blount County Circuit Court to eight offenses: counts one through four, delivery of a Schedule VI controlled substance, a Class E felony; count five, possession of drug paraphernalia, a Class A misdemeanor; count six, possession of a Schedule VI controlled substance with intent to sell or deliver, a Class E felony; and counts seven and eight, delivery of drug paraphernalia, a Class E felony. The defendant was sentenced as a Range I, standard offender to one year on counts one through three, two years on count four, eleven months and twenty-nine days on count five, two years on count six, one year on count seven, and two years on count eight. The plea agreement stipulated the sentences were to run concurrently, and the trial court determined that the sentences should be served as ninety days in jail and the remainder on probation. The defendant appeals, claiming that his sentences are excessive and that he should have received full probation. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal), and Raymond Mack Garner, District Public Defender (at trial), for the appellant, Elmore Lewis Baker, Jr., alias Lew Baker.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Mike Gallegos, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's arrest for the possession and sale of illegal drugs and drug paraphernalia. At the guilty plea hearing, the defendant acknowledged he had committed the

offenses for which he had been charged and agreed to stipulate to the facts, but the state did not present an account of the offenses at the hearing.

At the sentencing hearing, the defendant asked the trial court to impose only probation. The defendant said he dropped out of school after the eleventh grade and began self-employment as a construction worker. He said that at the time of the sentencing hearing, he had been working as a cook at a restaurant for a couple of months. He said he tested negative for drugs in a test administered by his probation officer. Although not listed on his presentence report, he said he served seven days in jail for a marijuana conviction in Panama Beach, Florida, in 1998. He said he had been arrested for disorderly conduct in 2000 and burglary of a vehicle in 1995. He said, however, that both cases were dismissed and he had nothing to do with the burglary.

The defendant said he moved to Knoxville three and one-half years ago to work on a construction job at Ruby Tuesday's. He said he stayed at the Pine Trace Inn where he also worked at night to pay for his room. He said that one night while he was working, he heard his boss talking about drugs and told her he knew someone in Nashville from whom she could get a "better deal." He said he agreed to go to Nashville to get the drugs. He said he did this about four times in a ten-week span, bringing about one-half pound of marijuana to Blount County each time. He said he brought some of the marijuana to Blount County in order to sell it. He said he never smoked any of the marijuana. He said he made approximately one thousand dollars from selling the drugs and that he had never sold drugs before this time. He said that since his arrest, he had not used or sold drugs to anyone. He said he made a terrible decision and that he would never do it again. He said he wanted to apologize to the City of Maryville for any harm he may have caused. He said that after the case was over, he wanted to get a job "with Metro in Nashville" or start his construction business again. He said that if he had to decide, he would rather go to jail than have the charges permanently on his record.

On cross-examination, the defendant said he did not know how the marijuana came to be in his backpack when the police found it in 1998. He said he was part of a group of friends on a road trip and that the marijuana may or may not have belonged to him. He said that at the time of his arrest in 2000 on the subject charges, he was also beginning to sell drug paraphernalia. He said he was selling "bongs" along with the marijuana he brought from Nashville. He said he sold marijuana to an informant and an undercover agent on February 23, March 9, March 24, and March 29, 2000. He said he had sold marijuana to persons other than the informant and the undercover agent before his arrest in 2000.

The presentence report shows that the defendant is twenty-five years old and was raised by his late father. The report reflects that his mother abandoned him when he was four. He said he began drinking at age nineteen and consumed about a six-pack per week. He said he had never been addicted to drugs and was not using drugs currently. His drug screen conducted at that time was negative. When arrested in 2000, he told the arresting officer he had made a bad decision by bringing drugs to Blount County from Nashville.

The trial court determined that the defendant's effective sentence as a Range I offender was to be two years with ninety days of the sentence to be spent in jail. In denying full probation and imposing two-year sentences on count four, delivery of a Schedule VI controlled substance; count six, possession of a Schedule VI controlled substance with intent to sell or deliver; and count eight, delivery of drug paraphernalia, the trial court stated the following:

> I found the enhancing factor of the existence of criminal conduct, convictions and behavior, in excess of that necessary to establish the appropriate range. Factually, that would be the offenses from February and earlier in March and also other offenses for which you weren't apprehended, and also the earlier Class A misdemeanor conviction in Nashville for possession of marijuana, which I find to be proved as a fact by your own testimony -- irrespective of what the presentence report says.

> Now, the question as to the manner of service. I think no confinement would depreciate the seriousness of these offenses, particularly given the number of offenses and the time span involved. And I think your likelihood of being rehabilitated by simply being convicted and placed on probation is poor. And the reason I say that is because that already happened once two years before these offenses happened, and that didn't have any impact on what you did or the way you behaved.

> Were you to serve 30 percent of these sentences, that would be seven months in jail. Considering your behavior after the arrest, the fact that you pled guilty, the fact that you have to an extent been forthcoming in your testimony today . . . .

> So, I'm going to reduce your jail time from seven months to 90 days.

Appellate review of the manner in which a sentence is to be served is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant seeking full probation bears the burden on appeal of showing that the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). "Among the factors applicable to probation consideration are the circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public." State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). Also, a defendant's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether probation is appropriate. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); see Tenn. Code Ann. § 40-35-103(5).

In conducting a de novo review, we must consider (1) the evidence, if any, received at the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168.

Initially, the defendant contends that the trial court failed to address mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury, and factor (13), the catchall provision, and that, therefore, this court should review his sentences de novo without a presumption of correctness. See Tenn. Code Ann. § 40-35-113(1), (13). We agree with the defendant that the trial court failed to state on the record its findings regarding mitigating factors that applied in this case. For a presumption of correctness to attach, "the trial court 'must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence.'" Poole, 945 S.W.2d at 96 (quoting State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994)). See also Tenn. Code Ann. § 40-35-210(f). Although the trial court reduced his time of confinement through mitigation, such as his conduct after his arrest, it did not consider on the record any mitigating factor for purposes of determining the length of the sentences, including mitigating factors (1) and (13). See Tenn. Code Ann. § 40-35-113(1), (13). The trial court identified the defendant's prior criminal history and behavior, enhancement factor (1), as the basis for its decision and imposed maximum sentences of two years for the defendant's convictions on counts four, six, and eight. See Tenn. Code Ann. § 40-35-114(1) (Supp. 2001) (amended 2002).[1] This analysis by the trial court is insufficient for a presumption of correctness upon appellate review because mitigating factors did apply and the trial court erred in not applying them.

---

[1] The legislature's 2002 amendment to Tenn. Code Ann. §40-35-114 added as the new enhancement factor (1) that the "offense was an act of terrorism" but changed the existing enhancement factors only by increasing their designating number by one.

The defendant claims that the trial court's failure to apply the relevant mitigating factors resulted in the trial court improperly imposing maximum two-year sentences on the defendant for his convictions on count four, delivery of a Schedule VI controlled substance; count six, possession of a Schedule VI controlled substance with intent to sell or deliver; and count eight, delivery of drug paraphernalia. The defendant claims that the mitigating factors outweighed the one enhancement factor and that the trial court should have sentenced him to one year for these convictions as it did for the remaining felonies. Specifically, he claims that the trial court should have mitigated these sentences on the basis that his conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). Additionally, he argues the following mitigating factors should weigh heavily under factor (13), the catchall provision: 1) that his mother deserted him when he was four and he was raised by his now deceased father; 2) that he did not abuse drugs or alcohol and has a minimal criminal history; 3) that he had maintained steady employment and committed no criminal acts in the three years between the subject offenses and the sentencing hearing; and 4) his remorse for his conduct. See Tenn. Code Ann. § 40-35-113(13). He argues that these mitigating factors outweigh the one enhancement factor. The state does not address the issue of length of sentencing. However, we hold that the trial court's sentences are appropriate.

We believe that the absence of actual or threatened serious bodily injury is an applicable mitigating factor in this case. See State v. Charles Eugene Jones, No. E2001-01639-CCA-R3-CD, Sullivan County, slip op. at 6-7 (Tenn. Crim. App. Mar. 12, 2003) (approving of trial court's finding that the defendant's intent to sell marijuana and drug paraphernalia convictions did not threaten serious bodily injury, but were entitled to little weight under mitigating factor (1)). With respect to factor (13), we conclude that the defendant's steady work record, family situation, and expression of remorse should also be considered for mitigation of his sentences, although we believe they, as well as factor (1), are entitled to very little weight. See State v. Leggs, 955 S.W.2d 845, 850 (Tenn. Crim. App. 1997) (concluding that remorse is an appropriate mitigating factor under (13)); State v. McKnight, 900 S.W.2d 36, 55 (Tenn. Crim. App. 1994) (indicating that family contributions and work ethic can be mitigating factors); State v. Kelley, 34 S.W.3d 471, 482-83 (Tenn. Crim. App. 2000) (holding that work ethic is a mitigating factor).

However, we conclude that application of the mitigating factors does not alter the defendant's sentences. The trial court correctly applied great weight to the defendant's past criminal history, especially the defendant's 1998 conviction for possession of marijuana, two years before his arrest for the offenses in question, because it demonstrates the lack of impact that the conviction and sentence had on the defendant. This outweighs the mitigating factors and warrants sentencing the defendant to the maximum punishment of two years for delivery of a Schedule VI controlled substance, possession of a Schedule VI controlled substance with intent to sell or deliver, and delivery of drug paraphernalia. See Tenn. Code Ann. § 40-35-112(a)(5) (providing that the range of punishment for a Range I offender convicted of a Class E felony is two years). We believe that although the trial court failed to discuss applicable mitigating factors, the record supports the trial court's maximum sentences for the three convictions.

Finally, the defendant claims he should have been granted full probation rather than split confinement with ninety days in jail. The trial court determined that the defendant's likelihood of rehabilitation without confinement was poor and that no confinement would depreciate the seriousness of the offenses. The defendant claims that his likelihood of rehabilitation is "extremely positive" because he has maintained steady work and is not addicted to drugs or alcohol. The state responds that he committed the present drug offenses after his 1998 conviction for possession of marijuana, indicating that his prior sentence without confinement had no impact on him. Given the evidence presented at the sentencing hearing and in the presentence report, including prior drug-related criminal behavior, we conclude that the defendant's likelihood of rehabilitation without any confinement is relatively poor and that he is not entitled to full probation.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE